**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

BANK OF AMERICA, N.A.,

    Plaintiff,

v.

Case No. 5:24-cv-17-TJC-PRL

SANDRA P. HOLDER, et al.,

    Defendants.

## O R D E R

This residential foreclosure action, which was removed to federal court on January 10, 2024 by defendant Sorrento Holdings 33, LLC, as Trustee of the Lake County Land Trust #12-19-27-190000 FO2100 ("Sorrento"), is before the Court on plaintiff's motion to remand (Doc. 10).  Sorrento responded in opposition (Doc. 15), clarifying that removal is based on diversity jurisdiction and representing that it and all other defendants are citizens of Florida.

"Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly [and] . . . all doubts about jurisdiction should be resolved in favor of remand to state court." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (citations omitted).

Plaintiff raises several meritorious reasons why this case must be remanded. Without need to address all of them, the Court grants the motion to remand on the grounds (raised by plaintiff and not addressed by Sorrento) that as a citizen of Florida, Sorrento is a home state defendant and therefore not entitled to remove.[1]  See 28 U.S.C. § 1441(b)(2); Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998) (finding that "[d]iversity will not support removal jurisdiction . . . if any of the properly joined defendants are citizens of the state in which the suit was originally filed").

---

[1] Even if Sorrento or other defendants were not Florida citizens, the removal is untimely, both under 28 U.S.C. § 1446(b) (removal permitted only within 30 days of receipt of initial pleading or later paper first showing case is removable) and § 1446 (c) (one year limit on removal in diversity cases). This foreclosure action was filed in 2019, alleging that $261,898 was due under the note and mortgage. The predecessor trustee to Sorrento was served in 2019 and Sorrento was substituted as a party in 2022, so removal at this late date would be untimely. And contrary to Sorrento's suggestion, there is no basis to believe the revival doctrine would apply to resurrect the removal timeline. See, e.g., Wells Fargo Bank, N.A. v. Rosado, No. 3:23-cv-5125196, at *2-3 (M.D. Fla. Aug. 10, 2023) (remanding case where post-judgment proceeding in foreclosure action did not serve to revive removal timeclock, and noting that the revival doctrine may not even be recognized in the Eleventh Circuit). Plaintiff also contends that the state court suit is over as final judgment was entered on October 23, 2023 (with no appeal taken) so there is no case left to remove. See, e.g., Aurora Loan Servs., LLC v. Allen, 762 F. App'x 625, 627-28 (11th Cir. 2019) (explaining that removal was unavailable after final judgment in foreclosure action). Again, however, the Court need not rule on the basis of any of these additional arguments because it is granting the motion to remand on the grounds of 28 U.S.C. § 1441(b)(2)—Sorrento, a Florida citizen, may not remove under the Court's diversity jurisdiction.

2

Plaintiff's motion also seeks attorney's fees, which the Court may award under 28 U.S.C. § 1447(c).  The Court finds the removal of this case borders on frivolous, as even a cursory review of the law would have revealed.   Plaintiff is entitled to its attorney's fees for filing its motion to remand.  See Martin v. Franklin Cap. Corp., 546 U.S. 132, 140-41 (2005) (explaining that court may exercise discretion to award attorney's fees under § 1447(c) where the removing party "lacked an objectively reasonable basis for seeking removal" because improper removal delays resolution of the case, imposes additional costs on both sides, and wastes judicial resources).  To avoid further litigation over the fee amount, and based on the Court's own experience, the Court finds that $1,500 is a reasonable fee.  See Taylor Newman Cabinetry, Inc. v. Classic Soft Trim, Inc., 436 F. App'x 888, 894-95 (11th Cir. 2011)[2] (finding district court's award of $2,500 fee for improper removal was "a pragmatic and reasonable remedy" to save the parties from incurring additional fees to litigate the fee amount) (citing Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

---

[2] Unpublished opinions of the Eleventh Circuit are not binding precedent, but may be persuasive authority to support a particular point. Searcy v. R.J. Reynolds Tobacco Co., 902 F.3d 1342, 1355 (11th Cir. 2018).

Accordingly, it is hereby

**ORDERED:**

Plaintiff's motion to remand (Doc. 10) is **granted**.  This case is **remanded** to the Fifth Judicial Circuit Court in and for Lake County, Florida.  **No later than April 30, 2024**, Defendant Sorrento Holdings 33, LLC, as Trustee of the Lake County Land Trust #12-19-27-190000 FO2100, is ordered to pay plaintiff **$1,500.00** in attorney's fees for improper removal.  Following remand, the Clerk shall **close** the file, but the Court will retain jurisdiction for the purpose of enforcing the fee award if necessary upon motion by plaintiff.

**DONE AND ORDERED** in Jacksonville, Florida this 28th day of March, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Counsel of record

Clerk of Court of the Fifth Judicial Circuit Court
 in and for Lake County, Florida

4